IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JUL 19 2005
JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

NEFATLY RODRIGUEZ,

    Plaintiff,

v.

NEDRA CHANDLER,

    Defendant.

Case No. 02 C 2184

Hon. Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

On November 24, 2003, the Court granted Petitioner's 28 U.S.C. § 2254 petition after concluding that the state court's disqualification of Petitioner's chosen counsel violated his Sixth Amendment rights. See Rodriguez v. Sternes, No. 02 C 2184, 2003 WL 22802077 (N.D. Ill. Nov. 24, 2003). In so holding, the Court concluded that Petitioner need not "demonstrate prejudice resulting from the state court's erroneous denial of his right to choice of counsel." Id. at *8.

Illinois appealed the ruling. Upon review, the Seventh Circuit agreed that the standard this Court used in reviewing the disqualification of Petitioner's counsel was an erroneous one. Rodriguez v. Chandler, 382 F.3d 670, 676 (7th Cir. 2004). The Seventh Circuit vacated and remanded the case holding that habeas

corpus relief should only be granted if the disqualification of his counsel "adversely effected" Petitioner's defense. *Id.*

Before the Court is Petitioner's motion in limine seeking to establish that the State bears the burden of establishing that Petitioner was not adversely effected by the denial of his counsel. The State responds that Petitioner has the burden of demonstrating that he was adversely effected by the denial of counsel.

The Court first examines the Seventh Circuit opinion in this case. In considering the disqualification of counsel issue, the Seventh Circuit acknowledged the open question of whether a court's erroneous disqualification of counsel requires a harmless error analysis. *See id.* at 673. In response, the Seventh Circuit articulated the "adverse-effect" standard, which provides a middle ground between automatic reversal and harmless-error analysis. *Id.* at 675. The Seventh Circuit compared Petitioner's case to a situation where a person receives the services of a lawyer with a concealed conflict and concluded that an "adverse effect" must be demonstrated. The court explained:

> The adverse-effect standard lies midway between automatic reversal and requiring proof of a likely difference in the litigation's outcome . . . an identifiable difference in the quality of representation between the disqualified counsel and the attorney who represents the defendant at trial . . . it must be enough to show that

>           the defendant's representation suffered a
>           setback from the disqualification.

*Id.* The Seventh Circuit next asked, "[h]as [Petitioner] shown an adverse effect?" *Id.* Finding the record silent, the Court remanded the case so that both sides could "have an opportunity to produce evidence and craft arguments" relating to the adverse-effect standard and its application in this case. *Id.* at 676.

Both parties agree that the Seventh Circuit's language suggests that the burden lies with Petitioner. The Seventh Circuit asked if <u>Petitioner</u> "has shown an adverse effect"; acknowledged the open question of how could "a *defendant prove prejudice* when his substitute counsel provided constitutionally adequate assistance"; and stated that the "norm in cases on collateral review is that the *petitioner must show* that the error had a substantial and injurious effect on the outcome." *Id.* at 674-76 (emphasis added).

Petitioner argues, however, that Supreme Court case precedent suggests that the State has the burden of proving no adverse effect because the Seventh Circuit effectively created a new harmless-error rule. Petitioner contends that similar to original common-law harmless error cases, the burden should be placed on the beneficiary of the constitutional error -- the State -- to prove that there was no injury. *See O'Neal v. McAninch*, 513 U.S. 432 (1995); *Chapman v. California*, 386 U.S.

18, 24 (1967). The State responds that the Seventh Circuit's opinion in this case and a myriad of Supreme Court and appellate court cases clearly establishes that the burden lies with Petitioner.

In ineffective assistance cases resulting from an alleged conflict of interest, the Supreme Court has held that the burden lies with the petitioner to demonstrate that a conflict of interest adversely affected his lawyer's performance. *See Mickens v. Taylor*, 535 U.S. 162, 174 (2002)(holding that a petitioner must demonstrate that a conflict of interest adversely affected his counsel's performance); *Strickland v. Washington*, 466 U.S. 668, 692-93 (1984)(requiring a defendant to show that the counsel's error had an adverse effect on the defense). The Seventh Circuit has held that a petitioner can demonstrate an adverse effect by showing that his representation would have been different had there been no conflict of interest. *See Hall v. U.S*, 371 F.3d 969, 973 (7th Cir. 2004); *U.S. v. Fuller*, 312 F.3d 287, 291-92 (7th Cir. 2002). Other circuits also allocate the burden of proof to the petitioner in conflict cases. *See, e.g., Longworth v. Ozmint*, 377 F.3d 437 (4th Cir. 2004); *Winkler v. Keane*, 7 F.3d 304 (2d Cir. 1993); *U.S. v. Knight*, 680 F.2d 470 (6th Cir. 1982).

Here, the information needed to demonstrate adverse effect falls within the bounds of the attorney-client privilege. What was the disqualified attorney planning as a defense for Petitioner? Obviously, the Petitioner is in a best position to answer the question and show "an identifiable difference in the quality of the representation" between his disqualified chosen counsel and his trial counsel. *Rodriguez*, 382 F.3d at 675. Based on the language of the Seventh Circuit opinion and the Court's own research, the Court concludes that the Petitioner has the burden of demonstrating that the disqualification of his chosen counsel had an adverse effect on his defense. Accordingly, Petitioner's motion in limine is **DENIED**.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: July 19, 2005